UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RYAN WASHBURN and AARON HILL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>V.<br><br>C&J ENERGY SERVICES, INC. and C&J SPEC-RENT SERVICES, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 2:16-cv-00106<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Ryan Washburn and Aaron Hill (collectively referred to as Plaintiffs"), bring this lawsuit to recover the unpaid overtime wages and other damages owed to them pursuant to the Fair Labor Standards Act ("FLSA") by Defendants, C&J Energy Services, Inc. and C&J Spec-Rent Services, Inc. (hereinafter collectively referred to as "C&J and/or Defendants"), as a result of Defendants' improper and illegal pay practices. Specifically, Defendants paid Plaintiffs and their other non-exempt workers, an hourly wage, as well as additional nondiscretionary per diem payments and bonuses. While Defendants paid Plaintiffs and its other non-exempt laborers overtime wages calculated at one and a half times their *hourly rate of pay*, Defendants failed to include the nondiscretionary per diem payments and bonuses in the calculation of Plaintiffs' "regular rate of pay." Therefore, Plaintiffs and all similarly situated workers were not paid the correct overtime rate of pay for the overtime hours they worked.

As a result, Plaintiffs, and the similarly situated employees they seek to represent, are current and former hourly paid frac operators who worked for C&J during any workweek within the last three years (the "Class Members").

## I. SUMMARY

1. Defendant C&J Energy Services, Inc. required and/or permitted Plaintiffs to work in excess of forty (40) hours per week without compensating them for such hours at the overtime rate required under the FLSA.

2. Defendant C&J Spec-Rent Services, Inc. required and/or permitted Plaintiffs to work in excess of forty (40) hours per week without compensating him for such hours at the overtime rate required under the FLSA.

3. Plaintiff Ryan Washburn was employed by Defendants as a frac operator from approximately June 2014 to July 2014.

4. Plaintiff Arron Hill was employed by Defendants as a frac operator from approximately June 2014 to November 2014.

5. Plaintiffs' primary duties were to maintain frac pumps located on a well site. Plaintiffs regularly worked over forty hours during a workweek. In fact, Plaintiffs routinely worked sixty hours or more each week. Defendants paid Plaintiffs overtime; however, Defendants failed to take into account *all remunerations* when calculating the regular hourly and overtime rates. That is, in addition to Plaintiff's hourly pay, they received "bonuses" and "per diem" payments. These payments were improperly excluded from the calculation of the regular rate and overtime rate in violation of Section 7(e) of the FLSA.

6. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all overtime work at the FLSA mandated overtime wage rate. *See* 29 U.S.C. § 207.

7. Defendants' other frac operators were subject to the same FLSA violations. Plaintiffs hereby file this action to recover overtime compensation owed to them individually, and on behalf of all Class Members.

## II. SUBJECT MATTER JURISDICTION & VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

10. Venue is proper in the Corpus Christi Division because a substantial portion of the events forming the basis of this suit occurred in the Corpus Christi Division.

## III. PARTIES & PERSONAL JURISDICTION

11. Plaintiff Ryan Washburn is an individual residing in Nueces County, Texas. Plaintiff's written consent form to join this action is attached as Exhibit "1."

12. Plaintiff Aaron Hill is an individual residing in Nueces County, Texas. Plaintiff's written consent form to join this action is attached as Exhibit "2."

13. The Class Members are all of Defendants' current and former hourly paid frac operators employed at any time three years before this Complaint was filed up to the present.

14. Defendant C&J Energy Services, Inc. is a Delaware corporation doing business in the State of Texas for profit. Defendant's registered agent for service of process is the

3

Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

15. Defendant C&J Spec-Rent Services, Inc. is an Indiana corporation doing business in the State of Texas for profit. Defendant's registered agent for service of process is the Corporation Service Company d/b/a CSC-Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

16. Defendants at all times relevant to this action have had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon them by this Court. Defendants conduct business throughout Texas. Furthermore, Defendants contracted with and employed Texas residents, like Plaintiffs and Class Members, to conduct their business in Texas.

## IV.     FLSA COVERAGE

17. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendants have been an enterprise in commerce within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

21. At all material times, Plaintiffs and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## V.   FACTS

22.     C&J is a provider of well construction, well completions and well services to the oil and gas industry.  As one of the largest completion and production services companies in North America, C&J provides a suite of services for the entire life cycle of the well, including cementing; directional drilling; fracturing; coiled tubing; wireline; rig services; fluids management; and numerous complementary services.  C&J also offers a suite of well services, including rig services, fluids management and complementary special services, which are essential to enhancing and maintaining production over the life of the well. C&J's fluids management services boast the largest fluids services fleet in the United States, and C&J's fleet of workover rigs makes it the second largest well servicing provider in the United States.  C&J operates in all major North American onshore basins with facilities across the United States.

23.      Defendants employ frac operators throughout the country as part of its operations.  A frac operator's primary duties are to maintain frac pumps located on a well site.

24.     Plaintiffs were employed as frac operators by the Defendants.

25.     Plaintiffs reported to Defendants' yard located in Robstown, Texas and worked at a frac site located in Karnes County, Texas.

26.     At the beginning of each work day, Plaintiffs would report to Defendants' yard, which was located 30 to 40 minutes away from the hotel where they and the other frac operators were required to stay at night.  From the yard, Plaintiffs and the other frac operators would travel approximately 120 to 200 miles to the frac site.  At the end of the workday, Plaintiffs and the frac operators were required to return to Defendants' yard, and then travel another 30 to 40 minutes back to the hotel.

27. The above described travel was performed using Company owned vehicles or vehicles leased by the Company.

28. Plaintiffs were hourly paid.

29. In addition to hourly pay, Plaintiffs received "bonuses" and "per diem" payments.

30. Plaintiffs was paid a "per diem" payment of approximately $35 dollars each day.

31. These payments were excluded from Plaintiffs' regular rate and overtime rate in violation of the FLSA for the reasons explained below.

### A. "Per diems for Expense Reimbursements"

32. Plaintiffs received a "per diem" of approximately $35 each day. The "per diem" was intended to cover meal expenses, hotel expenses, and travel expenses. The alleged reimbursement was paid to Plaintiffs even though they were not responsible for paying the company vehicle's gasoline, the company vehicle's maintenance or repairs, or for other expenses related to use of the company vehicle. Plaintiffs were not responsible for paying hotel expenses and meals were usually paid for by the Company or included as part of their hotel stay. Consequently, the "per diem" payments should have been included in the calculation of the regular and overtime rates.

33. Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek. *See* 29 C.F.R. § 778.217. In other words, the stipend must be an approximation or the actual

expense incurred by an employee for travel time. Because hotel stay, meals, and travel was performed using the Company's vehicles (meaning an expense incurred by the company and not the employee) and the "per diem" is not an approximation of expenses incurred, rather it is a fixed amount not related to actual expenses incurred, monies paid as a "per diem" must be included in the calculation of the regular rate and overtime pay.

### B. "Bonuses"

34. Plaintiffs also received non-discretionary "bonuses" throughout their employment with Defendants. Defendants induced Plaintiffs' employment with the promise of "guaranteed" bonuses. As such, Plaintiffs had an expectation to receive them. The bonuses were intended to encourage Plaintiffs and other frac operators to work harder and served as rewards for their performance

35. Defendants failed to include the bonuses in the calculation of the regular rates of pay. The regulations provide that the only payments that are not to be included in the regular rate are discretionary bonuses, gifts, and payments in the nature of gifts on special occasions, i.e. fringe benefits. *See* 29 C.F.R. § 778.208. Further, the regulations make clear that extra overtime compensation must be separately computed and paid on bonuses. *See* 29 C.F.R. § 548.502.

36. Here, the bonuses at issue do not qualify as non-discretionary bonuses, gifts, or fringe benefits. First, the bonuses are non-discretionary because Plaintiffs had an expectation to receive them. As such, these payments fall within the purview of 29 U.S.C. § 207(e)(3)(a), which requires the inclusion of a bonus in the regular rate calculation unless:

> [B]oth the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly.

29 U.S.C. § 207(e)(3)(a).

37. Defendants' bonuses are calculated according to a formula and are paid pursuant to an agreement between Defendants and their employees, who expect to receive the bonuses regularly. Therefore, the bonuses must be included in the regular rate calculation. This conclusion is reinforced by the applicable regulation 29 C.F.R. § 788.211, which provides in relevant part:

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) the employer must retain discretion both as to the fact of payment and as to the amount until a time quite close to the end of the period for which the bonus is paid. The sum, if any, to be paid as a bonus is determined by the employer without prior promise or agreement. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it. **Thus, if an employer announces to his employees in January that he intends to pay them a bonus in June, he has thereby abandoned his discretion regarding the fact of payment by promising a bonus to his employees.**

29 C.F.R. § 788.211 (emphasis added).

38. Plaintiffs knew well in advance the criteria and requirements to receive the bonuses. Defendants established the amount of the bonuses and their regularity well in advance of paying them, and utilized a pre-set formula to determine the amount Plaintiffs were to receive. Plaintiffs knew about the bonuses in advance and knew the amounts paid were tied to a formula. These payments were not akin to gifts which do not have a pre-set amount or where there is no expectation to receive them. Defendants' bonuses, on the other hand, are textbook examples of non-discretionary bonuses that should have been included in the regular rate of pay.

39. Most important, the bonuses were intended to encourage Plaintiffs and other employees to work harder and served as rewards for their performance. In such situations, the bonuses were clearly non-discretionary and should have been included in the regular rates. *See* 29 C.F.R. § 778.212(b) ("If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered

as in the nature of a gift."). The Department of Labor regulations provide several examples of bonuses that must be included in the regular rate which are nearly identical to the bonuses at issue.

> Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay.

29 C.F.R. § 778.211(c).

40. Section 7(e) of the FLSA requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" except payments specifically excluded by paragraphs (1) through (7) of that subsection. 29 C.F.R. § 778.108. The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. 29 C.F.R. § 778.109. Meaning, all pay associated with frac operator work as described in this complaint, for example, cannot be treated separately and must be grouped as one for purposes of calculating the regular and overtime rates. Defendants failed to do so as they list the per diem and bonus payments individually on paystubs and calculate the overtime rate solely on what they track as "Regular" hours worked. Consequently, Defendants have violated the FLSA.

41. The wage violation at issue in this lawsuit is not the first of its kind in the oil and gas industry. The oil and gas industry is well aware of these wage violation, but employers continue to violate the law. Defendants have been sued numerous times for FLSA wage violations previously and currently, but the pay practice at issue continues. Defendants knew or should have known that its policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully,

and/or with reckless disregard of the law carried out and continue to carry out their illegal patterns and practices. Defendants' actions are not based on a good faith and reasonable belief that its conduct complies with the FLSA. As such, Plaintiffs and Class Members are entitled to a three (3) year statute of limitations and to double the amount in unpaid wages ("liquidated damages").

## VI. COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and would therefore like to join this collective action. Plaintiffs worked alongside other frac operators employed by Defendants and discussed the FLSA pay violations the subject of this lawsuit.

43. Other employees similarly situated to Plaintiffs have opted into this lawsuit.

44. Other employees similarly situated to Plaintiffs work or have worked for Defendants, but were not paid overtime at the rate of one-and-one-half their regular rate when those hours exceeded forty hours per workweek.

45. Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants denied them full compensation for their hours worked over forty.

46. Like Plaintiffs, Class Members were also paid hourly with additional "per diem" and bonuses payments that were excluded from their regular rate of pay as described in this lawsuit.

47. The Class Members perform or have performed the same or similar work as the Plaintiffs.

48. Class Members regularly work or have worked in excess of forty hours during a workweek.

49. Class Members are not exempt from receiving overtime pay at the federally mandated premium rate under the FLSA.

50. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime wages.

51. Defendants' failure to pay overtime compensation as required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

52. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

53. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

54. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

55. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

56. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendant's current and former hourly paid frac operators employed at any time three years before this Complaint was filed up to the present.**

## VII.   CAUSES OF ACTION

### Fair Labor Standards Act, 29 U.S.C. § 207 – Overtime Violation

57. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

58. Defendants' practice of failing to pay Plaintiffs the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

59. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants, Plaintiffs, or Class Members.

## VIII.   DAMAGES SOUGHT

60. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

61. Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

62. Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX.   JURY DEMAND

63. Plaintiffs and Class Members hereby demand a trial by jury.

## X.   PRAYER

64. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    b. An equal amount as liquidated damages as allowed under the FLSA;

  c. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

  d. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Robert R. Debes, Jr.*
  ROBERT R. DEBES, JR.
  Texas Bar No. 05626150
  bdebes@eeoc.net
  RICARDO J. PRIETO
  Texas Bar No. 24062947
  rprieto@eeoc.net
  11 Greenway Plaza, Suite 1515
  Houston, Texas 77046
  Telephone: (713) 621-2277
  Facsimile: (713) 621-0993

  ATTORNEYS FOR PLAINTIFFS
  & CLASS MEMBERS